IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FRANK H. MARTINEZ,

    Plaintiff,

    vs.                                    No. CIV 98-227 MV/LCS

**KENNETH S. APFEL, Commissioner**
**of the Social Security Administration,**

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on Plaintiff's Motion to Reverse or Remand, filed on October 16, 1998. The Appeals Council upheld the Administrative Law Judge's ("ALJ's") unfavorable decision on Plaintiff's request for disability benefits. Plaintiff contends that the ALJ's decision was not supported by substantial evidence and that he applied incorrect legal standards. See *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

Plaintiff had a steady work history as a truck driver for several years, until he was injured in an on the job accident on June 30, 1995. Since that time, he has suffered from headaches, dizziness, double vision, back and neck pain, depression, and an inability to concentrate or handle stress. There is no objective evidence of physiological cause for Plaintiff's symptoms; the physicians treating the Plaintiff agree that his complaints are psychosomatic, the result of a conversion disorder caused by post-trauma stress.

To determine disability, the Commissioner has established a five-step sequential evaluation process. In the present case, the Commissioner found that Plaintiff had not engaged in substantial

1

gainful activity for twelve months prior to applying for disability benefits; that Plaintiff's impairment was severe enough to limit his ability to do basic work activities; that his impairment did not meet any of the listings of conclusive disability under 20 C.F.R. Part 404, Subpart P, Appendix 1; and that because of his symptoms Plaintiff's did not have the residual functional capacity to return to his previous work as a truck driver. None of these findings as to the first four steps of the sequential analysis have been appealed.

At the fifth step, the burden is on the Commissioner to establish that a significant amount of jobs exist in the national economy for someone with the Plaintiff's limitations. *Thompson v. Sullivan, id.* In the present case, the ALJ relied on a vocational expert in determining that a significant amount of jobs existed in the national economy which plaintiff could perform. The ALJ asked the vocational expert to consider the medical reports about the Plaintiff by all of his examining physicians except Dr. Fedoravicius, his treating physician, and asked if there were any jobs in the national economy which Plaintiff could perform. The vocational expert testified that there were two: ticket taker and parking lot attendant. The ALJ then asked the vocational expert to consider as well the report of Dr. Fedoravicius. In that report, Dr. Fedoravicius said that Plaintiff has the capacity to follow simple and even detailed job instructions, follow work rules, use judgment, interact with co-workers and supervisors, and make necessary personal-social adjustments in situations that do not involve high stress and risk. However, he stated that Plaintiff has a seriously limited, unsatisfactory ability to deal with work stress, function independently, and maintain attention or concentration. The ALJ then asked the Vocational Expert the same question. This time the vocational expert testified that there were no jobs in the National economy which Plaintiff could perform.

The ALJ then requested that the Plaintiff provide additional information, including Dr. Fedoravicius' resume, and the basis for his report. Upon reviewing them, the ALJ found that Dr. Fedoravicius' report was not entitled to controlling weight, and was in fact outweighed by the other medical evidence in the record, particularly Dr. Chiulli's observation that the claimant is capable of performing better when he takes his time and settles down to repetitive performance., Because a Plaintiff's treating physicians' opinion is usually entitled to controlling weight, an ALJ must cite specific, legitimate reasons for discounting it. *Byron v. Heckler,* 742 F.2d 1232, 1235 (10th Cir. 1984). Thus, the sole issue on appeal is whether the reasons given by the ALJ are adequate.

The Court proposes finding that the ALJ's reasons for disregarding Dr. Fedoravicius' report are inadequate. His statement that the report is outweighed by the other medical evidence in the record is not specific. In addition, reviewing Dr. Chiulli's report in its entirety reveals no inconsistency between the conclusions in that report and the conclusions in Dr. Fedoravicius' report. That a person performs better on later questions during a test does not mean he does not have difficulty maintaining concentration; rather, it means that his difficulty in maintaining concentration occurs at the beginning of the task, rather than at the end. In addition, in stating that Plaintiff's performance in all of the tests was significantly below average, Dr Chiulli did not state that Plaintiff's comparably better performance in the latter part of the tests was within normal range.

Since the reasons proffered by the ALJ are not sufficiently specific or legitimate to justify discounting the opinion of the treating physician, and since the Vocational expert opined that, based upon the statements of the treating physician, the Plaintiff was disabled, the Court

recommends reversing the Commissioner's decision denying disability benefits to the Plaintiff, and remanding this case back to the Commissioner with directions to grant Mr. Martinez' application for disability benefits.

Within ten days after a party receives a copy of these proposed findings and recommended disposition the party may, pursuant to 28 U.S.C. Sec. 636(b)(1), file written objections. A party must file any objections within the time period allowed if that party desires review by the district court; in the absence of timely-filed objections, no review will be conducted.

_____
LESLIE C. SMITH
UNITED STATES MAGISTRATE JUDGE